**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL PEGRAM, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:08-CR-0434-ELR-JFK-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-2857-ELR-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Michael Pegram, proceeding *pro se*, seeks to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court for review of Movant's motion for review of sentence [55], construed as a 28 U.S.C. § 2255 motion, and on Respondent's answer-response [62].[1] For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.

---

[1] On August 18, 2015, the Court advised Movant that his motion was being construed as a § 2255 motion, allowed him thirty days in which to withdraw his motion or to amend if he so chose, and advised him that after thirty days the Court would review his construed § 2255 motion. (Order of Aug. 18, 2015, ECF No. 64). Movant has not responded, and the matter is ripe for review.

## I. Discussion

Movant pleaded guilty to one count of receiving child pornography, and on June 8, 2009, the Court entered an amended judgment and commitment order against Movant, imposing a ninety-seven month term of imprisonment. (Am. J., ECF No. 54). The record does not show that Movant sought direct review of his conviction. In his current motion, signed and submitted for filing in February 2015, Movant challenges his 2009 conviction. (Mot. to Vacate, ECF No. 55). Respondent argues that Movant's § 2255 motion should be dismissed as untimely. (Resp. at 4-7, ECF No. 62).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted). In addition, actual innocence provides an exception, though rare, to the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, Petitioner must, "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him[.]" Schlup, 513 U.S. at 324, 327-28.

    Because Movant did not file a direct appeal, his federal conviction became final on June 22, 2009, fourteen days after the June 8, 2009, entry of the amended judgment. See Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Movant's § 2255 motion was due

by June 22, 2010.[2]  Movant's pleadings provide nothing that warrants application of the actual innocence exception or equitable tolling.  Accordingly, his 2015 motion is untimely by over four years and must be dismissed.

## II.  Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, 2015 WL 4642093 (U.S. Oct. 13, 2015) (No. 15-5522).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

---

[2]There is no indication that § 2255(f)(2)-(4) apply.

4

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

It is recommended that a COA is unwarranted because it is not debatable based on the record before the Court that Movant's § 2255 motion is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 26th day of October, 2015.

*/s/ Janet F. King*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE